Territorial Law Library

**IN THE SUPERIOR COURT OF GUAM**

FILED

2012 FEB -6 PM 1: 53

SUPERIOR COURT
OF GUAM

| | |
|---|---|
| DONALD HARPER, | ) CHILD SUPPORT CASE NO. CS0323-10 |
|               Plaintiff, | ) |
| vs. | ) **RECOMMENDED** |
| | ) **FINDINGS AND ORDER** |
| ROSE HARPER, | ) |
|               Defendant. | ) |
| | ) |

## INTRODUCTION

This matter came before the Court on a Motion to Contest Validity and Enforcement of Registered Order. Assistant Attorney General Nicholas Toft appeared on behalf the Office of the Attorney General Child Support Enforcement Division. Attorney Jeffery A. Cook appeared on behalf of Donald Harper. Rose Harper neither appeared nor was represented by counsel. The Court took the matter under advisement. After considering the oral and written arguments, the relevant documents in the record, and the applicable law, the Court now enters its Recommended Findings and Order.

## BACKGROUND

Donald Harper ("Donald") and Rose Harper ("Rose") were divorced in Alaska in June 1987. Within a year, the parties, as well as the children no longer resided in Alaska. The last child emancipated in June 1999. Donald first became aware that the Office of the Attorney General ("OAG") was claiming he had not paid child support pursuant to the divorce decree

when he was served with the Notice of Registration of Foreign Support Order in the Superior Court of Guam in September 2010.

Donald asks the Court to vacate the registration; asserts the defense that all sums due in the Alaska judgment were paid by Donald to Rose; asserts that the applicable statute of limitations bars action on the judgment since the last support payment under the order was due and paid in June 1999, over 10 years ago; and reserves other defenses he has a right to raise. Conversely, the OAG asks the Court to enforce the order. The OAG alleges that Donald owes $70,378.07 in child support arrears.

On October 13, 2010, a hearing was held on Donald's request contesting the validity and enforcement of the registered order. After arguments from Donald and the OAG were heard, the Court requested that the parties brief the issues before the Court. The Court now addresses Donald's contest to the validity and enforcement of the registered order.


## DISCUSSION

The OAG argues that the laws of Alaska do not prevent the enforcement of previously adjudicated arrears. Alaska Statute 09.10.040(a) states, "a person may not bring an action upon a judgment... unless the action is commenced within 10 years." The Supreme Court of Alaska has made it clear that each time a child support payment is due and unpaid a judgment is created. *See State, CSED v. Dean*, 902 P.2d 1321, 1323 (Alaska 1995). In *Koss v. Koss*, 981 P.2d 106 (Alaska 1999), the Supreme Court of Alaska "explained '[i]t is well-settled that executing upon a judgment does not operate to commence an entirely new civil action.'" *Id.* at 107 (quoting *Dean*, 902 P.2d at 1324); *see State, Dept. of Revenue, Child Support Enforcement Div. ex rel. Gause v. Gause*, 967 P.2d 599, 600-03 (Alaska 1998); *State Dept. of Revenue, Child*

*Support Enforcement Div. ex rel. Gerke v. Gerke*, 942 P.2d 423, 425 (Alaska 1997); *State, Dept. Revenue, Child Support Enforcement Div. ex rel. Valdez v. Valdez*, 941 P.2d 144, 151-52 (Alaska 1997) (Attempt by Child Support Enforcement Division (CSED) to collect child support arrearages under divorce decree was neither an action on the judgment, nor an attempt to execute, and therefore, limitations period for actions on judgments did not apply.).

The Supreme Court of Alaska explained that the collection powers of the CSED are meant to supplement judicial powers of enforcement, and are not new actions under AS 09.10.040. *Koss*, 981 P.2d at 107 (The ten-year statute of limitations did not bar Child Support Enforcement Division's action to collect child support arrearages owed by former husband; statute only applies to new proceedings commenced by new complaints, and not to existing judgments.). These collection powers are "akin to a standard [judicial] execution" rather than initiating a new legal proceeding. *Dean*, 902 P.2d at 1325. Therefore, AS 09.10.040 does not prevent the enforcement of previously adjudicated arrears.

However, Donald contends that AS 09.35.020 applies to recovery of arrearages in child support payments. Donald cites *Young v. Williams*, 583 P.2d 201 (Alaska 1978) to support his position. In *Young*, the Supreme Court of Alaska determined the applicable statute of limitations on actions to recover arrearages in child support payment is the same applicable for judgments.[1] *Young*, 583 P.2d at 205. However, the Supreme Court of Alaska further clarified that the Alaska statues do not impose a definitive time limitation on the execution of judgments of past due unpaid child support, but rather states that if a judgment creditor seeks to execute on

---

[1] The statute cited in *Young* was AS 09.10.040 – which in 1978 read as follows: No person may bring an action upon a judgment or decree of a court of the United States, or of a state or

a valid judgment after the judgment has lapsed five years, good cause must be shown for the delay. *Dean*, 902 P.2d at 1324. Alaska Statute 09.35.020 reads as follows:

> When a period of five years has elapsed after the entry of judgment and without an execution being issued on the judgment, no execution may issue except by order of the court in which judgment is entered. The court shall grant the motion if the court determines that there are just and sufficient reasons for the failure to obtain the writ of execution within five years after the entry of judgment.

AS 09.35.020.

The Supreme Court of Alaska has held that, AS 09.35.020 does not apply to the collection of child support arrears unless the child support enforcement agency obtains a writ of execution. *Valdez*, 941 P.2d at 152 (Child Support Enforcement Division (CSED) was not required to show good cause for being allowed to collect arrears under child support judgment that was more than five years old, where CSED was not trying to execute, but rather, was using administrative enforcement methods.). There is no evidence that the OAG is seeking to obtain a writ of execution from this Court.

The OAG seeks to register the Alaska child support order. The Alaska legislature adopted the Uniform Reciprocal Enforcement of Support Act ("URESA") in 1954. URESA was intended as a means to improve the enforcement of child support obligations when parents cross state lines. Since then, Alaska, like Guam, has adopted the Uniform Interstate Family Support Act ("UIFSA"), which has similar provisions. In this case, Alaska serves as an "initiating state" by forwarding a UIFSA petition to Guam, where Donald now resides. *See* AS 25.25.203; 5 G.C.A. § 35203. Applying the reasoning of the Supreme Court of Alaska in the various cases interpreting AS 09.10.040 and AS 09.35.020, the Court finds that there is no

territory within the United States, and no action may be brought upon a sealed instrument unless

statute of limitations that bars the registration of the Alaska child support order pursuant to Title 5 of the Guam Code Annotated Chapter 35.

## CONCLUSION

Based on the foregoing reasons, Donald Harper's Motion to Contest the Validity and Enforcement of Registered Order is DENIED.

**SO ORDERED this ___6___ day of February 2012.**

**HONORABLE LINDA L. INGLES**
**Referee, Superior Court of Guam**

FEB 06 2012

commenced within 10 years. *See Young*, 583 P.2d at 205 fn. 12.

*Harper v. Harper*
Recommended Findings and Order (Motion to Contest the Validity and Enforcement of Registered Order)
Child Support Case Nos. CS0323-10